BOARD OF TRADE OF CITY OF CHICAGO v. McDEARMOTT COMMISSION CO. et al.

(Circuit Court, W. D. Missouri, W. D. February 2, 1906.)

No. 3,069.

1. EXCHANGES—QUOTATIONS—POSTING—PUBLICATION.

Where complainant board of trade collected price quotations which it furnished to certain telegraph companies under contract that they would transmit the same only to those who would contract and pay therefor for their own legitimate use and the use of their patrons, the fact that complainant permitted such quotations to be immediately and continuously posted on the boards of another exchange known as the "Open Board of Trade of Chicago," and on other boards of customers to

which the public had access, did not constitute such a publication of the quotations as authorized their free use by the public.

[Ed. Note.—Quotation of prices and transactions on exchanges, see note to Sullivan v. Postal Tel. Cable Co., 61 C. C. A. 2.]

2. SAME—CONTINUOUS QUOTATIONS.

Where the contract between complainant board of trade and telegraph companies, with reference to the dissemination of plaintiff's quotations, referred only to "continuous quotations," which the contract defined as "quotations wherein the price on any commodity shall be quoted oftener than at intervals of ten minutes," complainant was only entitled to restrain defendants from obtaining and using quotations which were continuous.

In Equity.

Henry S. Robbins and Kimbrough Stone, for complainant.
Harkless, Crysler & Histed, for defendants.

REED, District Judge.    The defendant A. M. McDearmott Commission Company is a corporation organized under the laws of the state of Missouri, and engaged in the business of buying and selling grain, provisions, stocks, bonds, and other commodities at Kansas City and other places in said state and in other states, and this suit is to restrain said corporation, its officers and agents, from using in its several places of business and distributing to others, the quotations or statements of prices of sales of grain, provisions, and other products upon the floors of the complainant's board of trade rooms in the city of Chicago, which quotations are there made by the complainant from actual sales upon its said floors, and are furnished by it to certain telegraph companies who contract with the complainant that they will furnish or transmit such continuous quotations only to those who will contract and pay therefor for their own legitimate use, and the use of their patrons, and who thus acquire the right to receive and use the same for such lawful purpose.

The bill of complaint is essentially the same as those in the cases of Board of Trade v. Christie Grain & Stock Company, 198 U. S. 236, 25 Sup. Ct. 637, 49 L. Ed. 1031, and L. A. Kinsey Company v. Board of Trade, Id.    The manner in which the quotations are gathered by the complainant, and the terms upon which they are delivered by it to the telegraph companies, to be furnished by them to those who will subscribe therefor, is stated in the opinion in those cases.    By that opinion it is established that the complainant has a property right in the quotations so collected by it; that it may rightly restrict the use thereof for lawful purposes, without discrimination, to those who will contract and pay for such use; and that it is entitled to be protected in such rights.    The defendant commission company concedes this, and admits that it has not contracted with the complainant or either of the telegraph companies for the receipt or use of such quotations, has not offered to do so, and that it has no contract right thereto; but it contends that the preliminary proofs show, without dispute, that the complainant, by its contract with the telegraph companies, authorizes subscribers, for such quotations to post the same upon blackboards, and otherwise openly display the same in their respective places of business, in such manner that the public has access thereto and knows of such

quotations within a few seconds after they are collected and placed by the complainant upon its boards in said rooms in the city of Chicago; that the complainant itself transmits such quotations by wire as soon as they are collected, to what is called the "Open Board of Trade of Chicago," to be there posted upon the boards of that company, and that they are so placed with the knowledge and consent of the complainant simultaneously with their being posted by it upon its own boards, and that by so doing such quotations become public property; that such facts distinguish this case from those in Board of Trade v. Christie Grain & Stock Co., supra, and require a determination of it different from the determination in those cases.

It is true that the defendant's proofs show that the quotations are posted in exchanges, boards of trade, brokers' offices, and other like places, as above stated, with complainant's knowledge and consent, and that the complainant itself transmits such quotations by wire as soon as it gathers them to such open board of trade in Chicago and perhaps to other like places. It does not appear, however, that they are sent by complainant or the telegraph companies to, or posted in, any place with complainant's knowledge or consent, where the right to so receive and post them has not been previously acquired by contract with the complainant or the telegraph companies with its consent. It is clear from the proofs that such quotations cannot be taken from the rooms in which they are so displayed by subscribers and transmitted elsewhere in time to be available, without a breach of the contract for their use by such subscribers, or by reason of some systematic plan for an immediate appropriation of the same by others, as soon as they are so posted in such places. The defendant's proofs show that it receives continuous quotations, or some of them, at least, from a telegraph operator who takes them from blackboards in places in Kansas City, Mo., to which the public has access, and where they are posted or displayed by the subscribers, immediately after being so posted; and the complainant's proofs show that they are posted in some of the defendant's places of business in places other than Kansas City, Mo., within five minutes after they are posted upon the complainant's boards in Chicago. The defendant admits this, but has not seen fit to disclose how it is enabled to do so. As defendant does not get these quotations under any contract therefor with the complainant or the telegraph companies, its appropriation thereof is unlawful (Board of Trade v. Christie Grain & Stock Co., 198 U. S. 236, 25 Sup. Ct. 637, 49 L. Ed. 1031), unless the posting of them by those who subscribe therefor, in their places of business, with the complainant's knowledge and consent, renders them public property, and liable to be appropriated by any one without contract or payment therefor.

It is quite apparent that the purpose of such posting is for the benefit of those who subscribe for and have the lawful right to use such quotations, and their patrons, and to invite further trade, and not for the benefit of competitors or the general public. The merchant displays his goods in windows and upon the streets to attract attention and to invite trade; but this does not authorize his competitors or others to appropriate the property so displayed without com-

pensation, nor does it in any way deprive the owner of his right of protection to all of his property rights therein. That such a posting or publication of the continuous quotations, as shown by defendants' proofs, does not deprive the complainant of its right to restrict their use to those who contract and pay therefor, is held in Board of Trade v. Hadden-Krull Company et al. (C. C.) 109 Fed. 705; Board of Trade v. Christie Grain & Stock Company et al. (C. C.) 116 Fed. 944; National Tel. News Company et al. v. Western Union Tel. Co., 119 Fed. 294, 56 C. C. A. 198, 60 L. R. A. 805; and Illinois Commission Company et al. v. Cleveland Tel. Company et al., 119 Fed. 301, 56 C. C. A. 205. These and other similar cases are cited with approval in Board of Trade v. Christie Grain & Stock Co., 198 U. S. 236, 25 Sup. Ct. 637, 49 L. Ed. 1031, where the same question now urged by the defendants was urged upon the Supreme Court upon facts quite similar, if not identical, in Kinsey Company v. Board of Trade.

The present case upon its facts, cannot be distinguished in principle from those cases; and it must therefore be held to be ruled by the opinion therein, and that complainant is entitled to a temporary injunction. The contract between the complainant and the telegraph companies and the contracts required of the subscribers for quotations refer, however, only to what are known as the "continuous quotations," which by the contract are defined to mean "quotations wherein the price of any commodity shall be quoted oftener than at intervals of ten minutes."

The defendants will therefore be restrained from using only such "continuous quotations," and it is ordered accordingly.